UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV1988 HEA |
| | ) |
| JOHN E. POTTER, | ) |
| | ) |
| Defendants. | ) |

**OPIONION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Anthony Hughes for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action, ostensibly, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"). The named defendants are the United States Postal Service ("USPS" or the "Postal Service"), John E. Potter (Postmaster General, USPS), and Keith Gentry (National Association of Letter Carriers, AFL-CIO).

Plaintiff alleges that he is employed by the Postal Service. Plaintiff claims that he suffers from a work-related disability and that he filed for disability retirement from the Postal Service in 2007. Plaintiff says that he requested that the Postal Service process the application in his favor but that "defendant failed or refused to honor plaintiff's request."

Plaintiff filed a lawsuit against defendants in this Court on July 10, 2008. *Hughes v. Potter*, 4:08CV1008 HEA (E.D. Mo.). In that case, plaintiff filed a motion requesting that the Court compel defendants to process his disability application. The Court dismissed the lawsuit because it was legally frivolous.

In the instant complaint, plaintiff seeks to use the FOIA to compel defendants to process his disability application so that he may receive disability benefits.

**Discussion**

While plaintiff has styled this as an action arising under the FOIA, it is clear that plaintiff is actually attempting to relitigate his previous frivolous action. As a result, the complaint will be dismissed as duplicative. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993).

Accordingly, even if plaintiff had originally filed this action under FOIA, the Court would find that it had been filed for an improper purpose. "Fundamentally FOIA was for the purpose of providing a method of informing the public as to governmental operations and not to enhance the private benefits of litigants." *Aviation Data Service v. F. A. A.*, 687 F.2d 1319, 1322 (10th Cir. 1982). Plaintiff has filed this action solely for the purpose of forcing defendant to provide him with disability benefits. As such, there is no "public interest" in the disclosure of the requested materials, and the purpose of the FOIA is not served. *See U.S. Dept. of Defense v. Federal Labor*

*Relations Authority*, 510 U.S. 487, 495 (1994). For this reason as well, the complaint should be dismissed under 28 U.S.C. § 1915(e).

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of January, 2009.

                                                                         HENRY EDWARD AUTREY
                                                                         UNITED STATES DISTRICT JUDGE